**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| COREY LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIVERSIFIED COLLECTION, | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, COREY LEWIS, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, DIVERSIFIED COLLECTION SERVICES, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.      COREY LEWIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of West Des Moines, County of Polk, State of Iowa.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to American Education Services (hereinafter, "AES").

1

6. The debt that Plaintiff allegedly owed AES was for a student loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DIVERSIFIED COLLECTION SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Iowa. Defendant is incorporated in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around July 2011, Defendant initiated a telephone call to Plaintiff in an attempt to collect a debt he allegedly owed to AES.

2

15.     The aforesaid telephone call was initiated by Defendant to Plaintiff at Plaintiff's place of employment.

16.     At the time Defendant initiated the aforesaid telephone call to Plaintiff, Plaintiff was at his place of employment.

17.     Plaintiff then engaged in a telephone conversation with Defendant wherein Plaintiff advised Defendant that he was at work.

18.     Plaintiff then specifically advised Defendant that his employer did not permit him to accept calls of such nature while he was at work.

19.     Plaintiff specifically told Defendant not to contact him at his place of employment.

20.     During the course of the aforesaid telephone call between Plaintiff and Defendant, Plaintiff then provided Defendant with his cellular telephone number.

21.     Plaintiff informed Defendant to contact him on his cellular telephone number as opposed to having Defendant contact him at the telephone number at his place of employment.

22.     As of in or around July 2011, subsequent to Plaintiff's telephone conversation with Defendant, as delineated above, Defendant had in its possession at least one (1) alternative telephone number at which it could contact Plaintiff other than his telephone number at his place of employment.

23.     As of in or around July 2011, subsequent to the aforesaid telephone conversation between the parties wherein Plaintiff advised Defendant that he could not take calls while he was at work, Defendant had information in its possession that it was inconvenient for Plaintiff to receive telephone calls while he was at work.

24.     As of in or around July 2011, subsequent to the aforesaid telephone conversation between the parties wherein Plaintiff advised Defendant that he could not take calls while he was at work, Defendant was cognizant that it was inconvenient for Plaintiff to receive telephone calls while he was at work.

25.     In or around July 2011 through in or around September 2011, despite Plaintiff having advised Defendant that his employer prohibits him from receiving telephone calls such as those from Defendant, Defendant proceeded to initiate multiple telephone calls to Plaintiff at his place of employment in a further attempt to collect a debt Plaintiff allegedly owed.

26.     In or around July 2011 through in or around September 2011, despite Plaintiff having provided Defendant with an alternative telephone number at which Defendant could communicate with Plaintiff, Defendant proceeded to initiate multiple telephone calls to Plaintiff at his place of employment in a further attempt to collect a debt Plaintiff allegedly owed.

27.     From in or around July 2011 through in or around September 2011, and on multiple occasions therein, Plaintiff reiterated to Defendant that his employer did not permit him to accept calls of such nature while he was at work.

28.     From in or around July 2011 through in or around September 2011, and on multiple occasions therein, Plaintiff reiterated to Defendant not to contact him at his place of employment.

29.     From in or around July 2011 through in or around September 2011, and on multiple occasions therein, Plaintiff reiterated to Defendant to contact Plaintiff on his cellular telephone number as opposed to Plaintiff's telephone number at his place of employment.

30.     From in or around July 2011 through in or around September 2011, and on multiple occasions therein, Plaintiff, again, provided Defendant with his cellular telephone number so that Defendant could contact Plaintiff at said telephone number.

31.     In or around July 2011 through in or around September 2011, despite Plaintiff having advised Defendant, on multiple occasions, of the foregoing information, Defendant proceeded to initiate multiple telephone calls to Plaintiff at his place of employment in a further attempt to collect a debt Plaintiff allegedly owed.

32.     In or around July 2011, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant attempted to collect the debt Plaintiff allegedly owed to AES.

33.     During the course of the aforesaid telephone conversation, Defendant informed Plaintiff that if he failed to enter into a payment arrangement with Defendant relative to the debt he owed then Defendant would involuntarily take funds from Plaintiff's paycheck.

34.     During the course of the aforesaid telephone conversation, Defendant also informed Plaintiff that if he failed to enter into a payment arrangement with Defendant then Defendant would involuntarily take funds from Plaintiff's checking account.

35.     Defendant was attempting to collect on a debt allegedly owed by Plaintiff for a federal loan.

36.     Defendant threatened to garnish Plaintiff's wages.

37.     Defendant threatened to garnish Plaintiff's checking account.

38.     Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

39.     Defendant is a debt collection company and as a debt collection company attempting to collect on a federal loan, Defendant can only refer the matter back to the creditor with a recommendation that they send notice of garnishment.

40.     The representations made to Plaintiff by Defendant regarding garnishment were false.

41.     On or about August 8, 2011, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt Plaintiff allegedly owed to AES.

42.     Again, Defendant initiated the aforesaid telephone call to Plaintiff at Plaintiff's place of employment.

43.     Plaintiff then engaged in a telephone conversation with Defendant wherein Plaintiff informed Defendant that he was working and that he could not speak to Defendant while he was at work.

44.     Defendant responded to Plaintiff by informing him that Plaintiff  had to pay the debt he owed by the end of the day.

45.     Defendant further informed Plaintiff that if he did not pay the debt he owed by the end of the day then Defendant would mark Plaintiff's file to note that Plaintiff was refusing to pay the debt.

46.     At no time during the course of the aforesaid telephone conversation did Plaintiff inform Defendant that he refused to pay the debt on which it was attempting to collect.

47.     Defendant's representation to Plaintiff that it would mark his account as a "refusal to pay" had the effect of conveying to an unsophisticated consumer that Defendant would refer the debt on which it was attempting to collect to AES and AES would take additional collection actions against Plaintiff, such as filing a lawsuit against Plaintiff.

6

48.     Defendant's representation to Plaintiff that it would refer the debt on which it was attempting to collect to AES had the effect of conveying to an unsophisticated consumer that AES would proceed with initiating a lawsuit against Plaintiff relative to the debt he allegedly owed.

49.     To date, AES has not filed a lawsuit against Plaintiff for the debt he allegedly owed.

50.     Defendant's statement that it would mark Plaintiff's account as "refusal to pay" was neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

51.     The natural consequence of Defendant's statement to Plaintiff, as delineated above, was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

52.     The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

53.     The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

54.     On or about August 15, 2011, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt Plaintiff allegedly owed to AES.

55.     Again, Defendant initiated the aforesaid telephone call to Plaintiff at Plaintiff's place of employment.

56.     Plaintiff then engaged in a telephone conversation with Defendant wherein Plaintiff informed Defendant that he was working and that he could not speak to Defendant while he was at work.

57.     Plaintiff then ended the telephone conversation with Defendant.

58.     On or about August 15, 2011, subsequent to the parties having engaged in the aforesaid telephone call, Defendant initiated a second telephone call to Plaintiff in a further attempt to collect the debt Plaintiff allegedly owed to AES.

59.     Again, Defendant initiated the aforesaid telephone call to Plaintiff at Plaintiff's place of employment.

60.     Again, Plaintiff then engaged in a telephone conversation with Defendant wherein Plaintiff reiterated to Defendant that he was working and that he could not speak to Defendant while he was at work.

61.     On or about August 15, 2011, subsequent to Plaintiff's telephone conversations with Defendant, as delineated above, and despite Plaintiff having advised Defendant, on multiple occasions, that he could not speak to Defendant while he was at work, Defendant proceeded to initiate a third telephone call to Plaintiff at his place of employment.

62.     At the time Defendant initiated the aforesaid telephone call to Plaintiff's place of employment, Defendant spoke to Plaintiff's co-worker at Plaintiff's place of employment.

63.     Defendant then left a message with Plaintiff's co-worker.

64.     Defendant informed Plaintiff's co-worker to inform Plaintiff that Plaintiff had to immediately contact Defendant.

65.     Plaintiff's co-worker informed Plaintiff of the contents of the aforesaid telephone conversation.

66.     In its attempts to collect the debt allegedly owed by Plaintiff to AES, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

d. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

67.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

68.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHISEFORE, Plaintiff, COREY LEWIS, by and through his attorneys, respectfully prays for judgment as follows:

a.      All actual compensatory damages suffered;

  b.  Statutory damages of $1,000.00;

  c.  Plaintiff's attorneys' fees and costs;

  d.  Any other relief deemed appropriate by this Honorable Court.

           Respectfully submitted,
           **COREY LEWIS**

       By:   s/ David Steen
          Attorney for Plaintiff

Dated: March 19, 2012

David J. Steen  (AT0009574)
LARRY P. SMITH & ASSOCIATES, LTD.
614 East Street
Hartford, IA  50118
Direct Dial:   (515) 418-9321
Facsimile:     (888) 418-1277
E-Mail:        dsteen@smithlaw.us

10